849 F.2d 607
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Guillermo URIBE, Plaintiff-Appellant,
v.
UNITED STATES MARSHAL SERVICE (Marshals, John Doe),
Defendant-Appellee.
 No. 88-2014.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 29, 1988.
Decided: May 31, 1988.
 
 Guillermo Uribe, appellant pro se.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Guillermo Uribe seeks to bring this action under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671, et seq. Uribe petitioned the district court for leave to proceed in forma pauperis. The district court ordered Uribe to explain any "special circumstances" which would warrant excusing him from having to pay the $120.00 filing fee. Uribe responded to the court's order with a sworn affidavit supported by numerous documents. This material indicated that Uribe, an alien, was unable to work because he did not have a work permit and that his sole source of income was fifty dollars per month from his parents. Nevertheless, the district court dismissed the action without prejudice, finding that Uribe had "failed sufficiently to respond" to the court's earlier order. We vacate and remand the action to the district court.
 
 
 2
 We first note that Uribe made a good faith effort to comply with the court's order. If the material he submitted was an insufficient response, this is at least partially because the court's order did not state with specificity the information it desired Uribe to provide. Second, we are not certain that the district court applied the correct standard in ruling on Uribe's in forma pauperis petition. The district court stated that since Uribe was no longer incarcerated, the filing fee could only be waived upon a showing of "special circumstances." However, the Supreme Court has held that an indigent individual need only show that he "cannot because of his poverty 'pay or give security for the costs ... and still be able to provide' himself and dependents 'with the necessities of life.' " Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). We, therefore, remand the case to the district court for reconsideration of Uribe's petition in light of the holding in Adkins. Uribe should be given the opportunity to supplement his petition if the district court feels this is necessary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 VACATED AND REMANDED.